172 So.2d 41

Anna STACEY

v.

Edsel SMITH.

1 Div. 215.

Supreme Court of Alabama.

Feb. 18, 1965.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Herbert I. Burson, Jr., Asst. Attys. Gen., for appellant.

Jones, Murray & Stewart, Montgomery, for appellee.

John M. Coxwell, Monroeville, for appellant.

W. C. Owens, Monroeville, and Broox G. Garrett, Brewton, for appellee.

PER CURIAM.

This appeal is from a final decree wherein the Circuit Court of Monroe County, sitting in Equity, awarded to appellant for her life the possession of certain lands to which she was entitled as a homestead and dower. The decree awarded the possession of other lands in the same tract to appellee, free from any right, title or interest in appellant.

All the lands, the subject of the decree, namely, about sixty-two acres, were occupied by one Alvin Smith, husband of appellant, as a homestead at the time of his death in 1928. Appellant unsuccessfully in this litigation sought by cross-bill to have title to the entire acreage vested in her absolutely under the homestead laws obtaining in 1928.

Appellant contends by assignment of error No. 1 that: "The court erred in overruling appellant's demurrer * * * at [sic] the bill of complaint as to the ground that said bill was barred by Title 34, Section 63 of the 1940 Alabama Code." The second assignment of error is likewise predicated and limited as assignment of error No. 1 aforequoted.

The fourth ground of the demurrer to which the foregoing assignments allude reads as follows: "From ought [sic] that appears the bill is barred by Title 34, Section 63 of the 1940 Alabama Code."

The bill as amended to which the demurrer is addressed seeks to have appellant account to him for his share of the personal property belonging to the estate of the deceased Alvin Smith, former husband of appellant; and also that the court set aside homestead and dower interest to appellant in the lands left by the deceased Alvin Smith.

Title 34, § 63, supra, does not refer to that aspect of the bill which seeks an accounting for personal property left by decedent; nor to that aspect which deals with the homestead rights of appellant in the lands left by the deceased husband of appellant. This Section 63, supra, establishes limitations for the commencement of proceedings or suits for dower.

Therefore the bill, in all of its aspects, if any, is not barred by § 63, supra, as Ground 4 of the demurrer alleges.

These two assignments of error, limited as they are to Ground 4 of the demurrer, are without merit.

Assignment of error 3 (with the same import in assignment of error 4) reads:

"The court erred in its decree overruling the motion for rehearing * * for the appellant was not given an opportunity to file exceptions or objections to the report of the commissioners or appraisers in the decree of the court on 19th day of December, 1963 * *"

The record before us shows that the commissioners (appointed by the court under an agreement of the parties) filed their report on November 8, 1963; that a final decree setting apart to appellant a certain area of land as a homestead, and another area as dower, all for her life, and the remainder to appellee, free from any right, title or interest in appellant, was rendered and filed on December 19, 1963. Therefore, according to the filing dates, appellant had, to wit, forty-one days in which to file exceptions or objections if she so desired.

There is no evidence in the record that supports appellant's contention, asserted in her motion for rehearing and in her assignment of error, that she was not given an opportunity to file with the court her objections or exceptions to the report of the appraisers or commissioners filed in said cause. Appellant's brief and her assignments of error are inadequate in their presentation of any rights that she may have had to file exceptions or objections which have been violated by the trial court.

The decree of the trial court is due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.